Barczak v. Sessions

BIA
Christensen, IJ
A088 440 588

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand seventeen.

PRESENT:
        REENA RAGGI,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

ANDREZEJ BARCZAK,
        *Petitioner,*

        v.                                    16-1377
                                             NAC
JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Nicholas J. Mundy, Brooklyn, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Briena
                       L. Strippoli, Senior Litigation
                       Counsel; Jenny C. Lee, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Andrezej Barczak, a native and citizen of Poland, seeks review of an April 4, 2016 decision of the BIA affirming a January 10, 2015 decision of an Immigration Judge ("IJ") denying Barczak's motion to rescind his in absentia removal order and reopen his proceedings. *In re Andrezej Barczak*, No. A088 440 588 (B.I.A. Apr. 4, 2016), *aff'g* No. A088 440 588 (Immig. Ct. N.Y. City Jan. 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 293 (2d Cir. 2006). We review the denial of a motion to rescind an in absentia removal order for abuse of discretion, "which may be found if the decision 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006) (*quoting Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 273 (2d Cir. 2006)).

2

An in absentia removal order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i); *see also* 8 C.F.R. § 1003.23(b)(4)(ii). "'[E]xceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1); *see also* 8 C.F.R. § 1003.23(b)(4)(ii). We have observed that "[t]he [agency's] standard for exceptional circumstances [is] fairly stringent, both in terms of the required severity of the circumstances and the proof required to establish a claim." *Alrefae*, 471 F.3d at 358.

The BIA did not abuse its discretion in denying Barczak's motion to rescind for failure to demonstrate exceptional circumstances for his failure to appear. Even assuming that extreme fatigue could constitute a serious illness rising to the level of exceptional circumstances, the BIA reasonably found that Barczak did not provide any medical documentation that he suffered from such extreme fatigue. *See id.* (citing

3

*In re B-A-S-*, 22 I. & N. Dec. 57, 58-59 (B.I.A. 1998) ("Where an alien argues that his failure to appear resulted from a 'serious illness,' we normally would expect specific, detailed medical evidence to corroborate the alien's claim.")). Further, aside from this documentation problem, the agency reasonably determined that Barczak did not show that his failure to appear was the result of circumstances "beyond [his] control," as required. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1); *see also* 8 C.F.R. § 1003.23(b)(4)(ii).

Finally, as the government argues, we lack jurisdiction to review the agency's denial of sua sponte reopening. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although remand is permitted "where the Agency may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), this exception does not apply here. Barczak asserts that the agency "failed to apply the correct law"; he does not identify any legal error, however, and instead argues that the "totality of the circumstances" warranted reopening sua sponte. We therefore lack jurisdiction to consider the denial of sua sponte reopening.

For the foregoing reasons, the petition for review is DENIED in part as to the agency's decision to deny Barczak's motion to rescind his in absentia removal order, and DISMISSED in part as to the agency's decision to decline to exercise its sua sponte reopening authority.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk